UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| DONALD J. STANLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:15-CV-082 WL |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Donald J. Stanley, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 14-10-186) that was held at the Indiana State Prison on October 31, 2014. Stanley was originally charged with attempting to commit battery/assault upon prison staff, but the charge was modified to disorderly conduct; the original and modified charge both arose from an incident that occurred while Kathryn Minaghan was talking to Stanley on October 23, 2014. (DE 7-1; 7-3.) The Disciplinary Hearing Body (DHB) found him guilty of disorderly conduct in violation of B-236 and sanctioned him with the loss of 30 days earned credit time.

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Stanley raises three grounds in his petition: (1) the charge was modified at the hearing; (2) the hearing officer stated that she believed the Conduct Report but then modified the charge; and (3) the officer's statement does not support the Conduct Report. The two latter grounds both challenge the sufficiency of the evidence against him.

First, Stanley claims that the charge he was found guilty of was unclear and that by changing the charge at the hearing it denied him the required 24 hours notice and did not provide him sufficient time to prepare a defense. At Stanley's hearing his charge was modified from attempted assault on staff to the lesser, more general offense of disorderly conduct. (DE 7-3 at 1.) The actual conduct that Stanley was charged with - throwing his food tray in the direction of Ms. Minaghan - did not change. In *Northern v. Hanks*, 326 F.3d 909 (7th Cir. 2003) (per curiam), the U.S. Court of Appeals for the Seventh Circuit rejected a similar argument made by an Indiana inmate.

In that case, Northern was charged with conspiracy and bribery in connection with an investigation revealing that he and two other inmates were smuggling tobacco into the facility. *Id.* at 909-10. Prior to the hearing, he was given a copy of the investigation report detailing the factual basis for the charges. *Id.* at 910. He was found guilty by a disciplinary board, but on appeal the reviewing authority determined that the facts more appropriately supported a finding that Northern had committed "attempted trafficking." *Id.* He modified the charge accordingly. *Id.* Northern filed a federal habeas petition claiming that the reviewing authority's action violated his due process rights because it denied him adequate notice of the charge and prevented him from mounting an appropriate defense. *Id.* The Seventh Circuit rejected this argument, relying on the fact that Northern had been given a copy of the investigation report, which "inform[ed] him of the facts underlying the charge." *Id.* The Circuit concluded, "Because the factual basis of the investigation report gave

2

Northern all the information he needed to defend against the trafficking charge, the reviewing authority's modification did not deprive Northern of his due process rights." *Id.* at 911. In other words, when an inmate is sufficiently notified of the factual basis for a charge, he is also on notice that he could face another charge based on the same set of facts. *Id.*; *see also Boyd v. Anderson*, 265 F. Supp.2d 952, 962-63 (N.D. Ind. 2003) (no due process violation where superintendent altered charge from possession of escape paraphernalia to unauthorized possession, removal, or relocation of property, where charges had the same factual basis).

Here, Stanley was given a copy of the conduct report which detailed the factual basis for the charge: the October 23, 2014, incident in which he threw his food tray towards Ms. Minaghan. The conduct report gave Stanley all the information he needed to defend against a charge that he had done this act, and Stanley had the same interest in defending against the original and modified charges. Stanley suggests that he would have mounted a different defense to the disorderly conduct, but he does not indicate what witnesses or evidence he would have sought to present. Indeed, it is difficult to imagine what defense Stanley would have mounted, given the statements and surveillance video confirmed. For these reasons, Stanley is not entitled to habeas relief on this claim.

Next, Stanley claims there was insufficient evidence to find him guilty of disorderly conduct. "[T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks and citations omitted). Even a Conduct Report alone can be sufficient evidence to support a finding of guilt. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). Here, conduct report states:

> On Thursday, October 23rd 2014 at approx 0915 hours I, Kathryn Minaghan, was conducting rounds of the North Side of NSB with Officer Monique Underwood on

the range packing out cell number 5 as I approached Offender Donald Stanley DOC# 191226 in NSB N#8 to speak with him concerning his request for a grievance, I informed Stanley that he would not be getting an envelope from the law library and that the law library was acting within policy with denying the envelope for only a lawyer or court. Stanley then stated, he needed four more grievances, I asked him why he stated that the law library messed up his legal work. I stated, that he needed to file an informal grievance first and could not file a formal grievance until an informal attempt was made. He was huffing and had clenched fist as I then stopped talking and started to walk away. Stanley immediately took his food tray full of food and slammed it against his bars as hard as he possibly could attempting to hit me with either a piece of the rock tray or food that was on the tray.

(DE 7-1). The Video Review Form states:

> While viewing the camera I can see Ms. K. Minaghan on the unit talking to offenders secured in their cells. It appears she is standing of front of cell 8. She stands there for a few minutes and then walks away from the cell. Right as she enters the back half (in front of the cell) she looks behind her towards cell 8.

(DE 7-3 at 2.) In addition, Officer Monique Underwood provided a statement:

> On 10/23/14 at approximately 9:15 am while on the range documenting the packing of cell NSB-N-5 I witnessed offender Stanley, 191226, throw a rock tray from his cell in the immediate direction of Kathryn Minaghan. I immediately informed Sgt. Maclin.

(DE 7-3 at 3.)

The Conduct Report and Officer Underwood's statement demonstrate that Stanley threw a tray at Ms. Minaghan. The surveillance video confirms that a disruptive scene unfolded. An offender commits offense B236 when he is "exhibiting disruptive and violent conduct which disrupts the security of the facility or other areas in which the offender is located." (DE 7-6 at 9.) There is more than sufficient evidence to have found him guilty of disorderly conduct.

As a final matter, Stanley moves for the appointment of counsel. (DE 3.) Unlike a criminal defendant, an indigent civil litigant does not have a right to counsel at public expense. *See Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011) ("It is . . . well established that a criminal defendant

4

enjoys [a] right to counsel through his first appeal . . . but that, once the direct appeal has been decided, the right to counsel no longer applies."); *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) (indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court). The court nevertheless has discretion to appoint counsel if the circumstances warrant it. *See* 18 U.S.C. § 3006A(a)(2)(B); *see also Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997). The court will abuse its discretion in declining to appoint counsel only "if, given the difficulty of the case and the litigant's ability, [the petitioner] could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have had a reasonable chance of winning with a lawyer at his side." *Winsett*, 130 F.3d at 281. The court must make a threshold inquiry into whether the petitioner has made a reasonable attempt to obtain counsel on his own. *Id.*; *Pruitt*, 503 F.3d at 654-55.

Here, Stanley states in general terms that he attempted to find counsel on his own, but he does not provide any information about whom he contacted, where these attorneys are located, when he contacted them, or what information he conveyed. It is unclear whether the attorneys he contacted practice in this jurisdiction or accept cases in this subject area. The court concludes that Stanley has not demonstrated compliance with the first prong of the *Pruitt* inquiry. This alone warrants denial of the motion.

Even if the court were to proceed further with the inquiry, Stanley has not demonstrated that he "could not obtain justice without an attorney" in this case. *Winslett*, 130 F.3d at 281. Stanley has ably represented himself in this case. His filings are neatly presented and contain detailed factual recitations and cogent legal arguments in support of his position. In addition to filing a detailed petition, he assembled and submitted dozens of pages of exhibits relevant to this court's review. His

5

filings were well-drafted; his case simply did not involve the type of facts that would permit this court to entertain a request for habeas relief in advance of a hearing. There is no indication an attorney could have done any better in light of these facts. Thus, even if Stanley satisfied the first prong of the inquiry, the court would not conclude that justice requires the appointment of counsel in this case. Accordingly, the motion will be denied.

For these reasons, the motion for appointment of counsel (DE 3) and the habeas corpus petition (DE 1) are **DENIED.** Accordingly, this case is dismissed.

SO ORDERED.

ENTERED: December 11, 2015

 s/William C. Lee  
William C. Lee, Judge  
United States District Court